# John A. Owen *et al.*

## *v.*

## The City of Chicago.

1. Special assessment—*can not extend beyond the scope of the notice.* Where a notice is given of an application for the confirmation of a special assessment for opening or extending a street between two given points, there is no authority for making an assessment for opening or extending the street beyond or outside of the points named in the notice.

2. Same—*and herein, what will be regarded as a street.* So, where the notice was for opening or extending a street " from its present western terminus," that portion of the street which was actually open and being traveled, and which had been thrown up and graded, with sidewalks built on both sides, and where one lot at least, fronting on the street had been sold by the owner of the ground on each side, would be regarded as a part of the street spoken of in the notice, and the assessment could not be made for opening or extending such street anywhere east of the western terminus of the portion so in public use, whether that was the legal terminus of the street, by a binding dedication, or not.

Appeal from the Superior Court of Chicago; the Hon. Joseph E. Gary, Judge, presiding.

This was an application for a judgment on a special assessment for opening or extending a certain street in the city of Chicago. An objection was taken to the notice which was given of the application to the common council to confirm the assessment. The ground of objection is stated in the opinion of the court.

Mr. John Woodbridge, Jr., and Messrs. Owen & Follansbee for the appellants.

Mr. S. A. Irvin, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The notices in this case were of an assessment " for opening or extending West Adams street from its present western terminus to Western Avenue." The proof shows that when these proceedings were instituted, and the notices were given, the actual western terminus of West Adams street was at Leavitt street. The street had been thrown up and graded, and was in public use, as far west as Leavitt street. Sidewalks had been built on both sides, and at least one lot fronting on the street, had been sold by Taylor, who owned the land on each side. These facts, unexplained, certainly furnish strong evidence of a dedication, but the question is not here whether there was such a dedication as would bind the owner, and on that point we express no opinion. Whether there had been a binding dedication or not, it is certain that West Adams street was, in point of fact, an open and traveled street as far as Leavitt street, when these notices were given, and that its actual western terminus was at Leavitt street, wherever its legal terminus may have been. Yet under these notices of a proceeding to extend Adams street " from its present western terminus," which the

public would understand to be Leavitt street, the commissioners included in their assessment of damages, the sum of twenty-six hundred and forty dollars to pay for the land included in a part of Adams street lying east of Leavitt street, and a considerable portion of these damages has been assessed upon the lots of appellants. This proceeding was not authorized by the notice. This advised parties interested only of the opening of a street west of a certain line, and under it the commissioners have opened a street east of the place where the public would understand the line to be. Such a notice can not sustain such action. It may be further remarked that, so far as we can form an opinion from the plats and evidence in the record, this assessment has been grossly unequal and inequitable. If that be so, an opportunity for its correction is now furnished. The judgment is reversed and the cause remanded.

*Judgment reversed.*